B-W ACCEPTANCE CORP. *v.* NORMAN POLK, DBA
NORM'S FURNITURE CITY

5-4166                                    414 S. W. 2d 849

Original Opinion delivered April 24, 1967, p. 422.
[Supplemental Opinion delivered May 29, 1967, rehearing denied.]

LYLE BROWN, Justice. On rehearing, B-WAC urges that the three trust receipts 7, 12, and 13 were in default at the time this action was filed. That fact, so it is argued, would as a matter of law, give B-WAC right of possession "as of the commencement of the action." It is true they had matured.

Norm Polk contended that with reference to matured trust receipts there was a procedure consistently followed between the parties and explained in this manner: Upon maturity of any trust receipt, B-WAC would send him—not a demand for payment—but a notice. B-WAC's field representative who serviced Norm's

would receive a copy. The affected distributor would also receive a copy of the notice and the distributor would, without notice to Norm's, pay to B-WAC a ninety day renewal charge. The representative would call on Norm Polk regularly during the first half of each month, at which time the matured accounts would be settled. Norm Polk testified that he received no notices of maturity with respect to the last due-dates of the three receipts. Appellant's credit manager and its field representative corroborated Polk's testimony in a number of respects. The credit manager also testified that the primary reason for filing the lawsuit was because "we were not allowed to check the floor plan."

Appellant asserts that evidence of this course of dealing was inadmissible because it was at variance with the terms of the contract. The appellant's position is that non-payment of the trust receipts at maturity caused appellee to be in "default" at the time suit was filed, which in turn entitled appellant to repossess the entire floor plan. The evidence of custom operated to explain the ambiguous term "default" and not to vary the dates at which the trust receipts matured. Where terms in a contract are ambiguous, or are used in a sense other than the ordinary meaning of the words, oral testimony is admissible to explain the meaning of the words used. *Paepcke-Leicht Lbr. Co.* v. *Talley,* 106 Ark. 400, 153 S. W. 833 (1913); Ark. Stat. Ann. § 85-1-205 (Add. 1961). This evidence would justify a jury in concluding that appellee was not in "default" at the time a particular trust receipt matured, but rather that further steps were to be taken by both parties before this portion of the contract became operative.

Rehearing denied.